RAMÓN LÓPEZ-RAMÍREZ DE ARELLANO, BRUNO & VÁZQUEZ, R.
LLOVERAS SOLER, PORTO RICO THEATRICAL CORPORATION,
FRANCISCO RODRÍGUEZ, GARCÍA & RAHOLA, PEDRO GELABERT,
COMPAÑÍA GENERAL DE CINES & ESPECTÁCULOS, RAMÓN
TEMBLEG, CROSAS & CO., JUAN SIERRA, VALLECILLO HER-
MANOS and MIGUEL PORTELL, Petitioners and Appellants,
*v.* REGALADO BENÍTEZ-CASTAÑO, Municipal Commissioner
of Finance of the City of San Juan, Defendant and Ap-
pellee.

No. 3494. Argued May 6, 1925.—Decided July 24, 1925.

1. APPEAL—COSTS—ATTORNEY'S FEES—DISCRETION OF COURT.—Although the ques-
tion whether the lower court abused its discretion in allowing attorney's
fees when no temerity existed comes too late when raised for the first time
on appeal from an order approving a memorandum of costs, yet in an appeal
from that order it is permissible to discuss the degree of such temerity for
the purpose of fixing the amount of the fees, inasmuch as the court's dis-
cretion is continuous.

2. ID.—ID.—ID.—It is the duty of appellants to establish the soundness of pro-
positions submitted as reasons for a proposed reversal, and it is not incum-
bent upon the Supreme Court to investigate questions raised by assignment
of error and said to be sustained by abstract statements found in some
digest, encyclopedia, etc., without an intimation that the cases wherein the
rule so suggested was formulated have been examined.

3. ID.—ID.—ID.—The statute does not require, as a condition precedent to the
allowance of attorney's fees, that it be shown that a party has paid or is
liable for such attorney's fees.

4. ID.—ID.—ID.—It was held that although the amount of $800 allowed by the
trial court as attorney's fees was a very reasonable estimate of the value
of the services rendered, however, according to the circumstances of the
case a further reduction of $300 and an award of the remainder would be
just and reasonable.

First District Court of San Juan, Charles E. Foote, J. Order ap-
proving memorandum of costs. *Modified.*

*Guerra-Mondragón & Soldevila* for the appellants. *R. Martínez Na-
dal* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs appeal from an order fixing attorney's fees,

after a hearing upon a contested memorandum of costs, and say that—

"1.—The district court erred and committed an abuse of discretion in allowing attorney's fees in this case, in which the questions submitted were new and passed upon for the first time.

"2.—The district court erred and abused its discretion in mulcting the appellants with attorney's fees when they were not guilty of temerity in bringing the action.

"3.—The district court erred in approving an item of attorney's fees, notwithstanding the admitted fact that the party defendant had made no payment, and was not required to make any, by way of compensation to his attorney.

"4.—The district court erred, even conceding that it was entitled to grant attorney's fees, in fixing the amount thereof at $800, such amount being excessive, unreasonable and disproportionate."

[1, 2] The judgment upon which the memorandum was based was affirmed by this court on June 25, 1924, 33 P.R. R. 422.

The questions suggested in the first three assignments therefore come too late when raised for the first time on appeal from an order approving a memorandum of costs.

The doctrine heretofore established in this regard, however, excludes only the question actually determined by the judgment, to wit, whether or not costs, with or without attorney's fees, should be allowed. It does not follow that the court in determining this point has exhausted the discretion so exercised. *Castro* v. *Societé Anonyme des Sucreries de Saint Jean, ante,* page 546.

We mention this in passing because appellants in discussing the fourth assignment rely to some extent upon the same argument advanced in support of the propositions contained in the preceding specifications. And, inasmuch as the discretion exercised in awarding costs at the time of rendering judgment is a continuing discretion, the course adopted by appellants is not only permissible but also logical, consistent and, subject to the limitations hereinafter indicated, correct.

The third assignment might be disposed of upon other grounds, without passing upon its intrinsic merits in so far as the allowance of at least a nominal fee is concerned.

Appellants cite in this connection 15 Corpus Juris, pages 179 and 117, sections 434 and 254. Counsel for appellants are content to quote from the body of the text so cited and, in the circumstances, we need not undertake of our own initiative to ascertain whether or not the cases listed in the foot-notes to section 434 involve attorney's fees or whether or not the Canadian cases upon which section 254 seems to rest were decided under a statute similar to our own.

As heretofore repeatedly pointed out, it is the duty of appellants to establish the soundness of propositions submitted as reasons for a proposed reversal and this court has no time, nor is it incumbent upon us, to investigate more or less doubtful questions raised by assignment of error and said to be sustained by abstract statements found in some digest, encyclopedia or compilation, but without any intimation that counsel have examined the cases wherein the rule so suggested was formulated.

[3] The language of our statutes seems to be perfectly plain and quite comprehensive. It says that (Italics ours)—

"*In all cases* where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party *an amount representing the value* of the services of his attorney or a part of such amount; . . . ."

By way of proviso the Legislature thereupon proceeds to exclude from the class of cases so specified those in which a defendant "shall not have entered appearance," but no mention whatever is made of cases wherein either of the parties is not shown to have paid or to be liable for such attorney's fees.

But, even if an actual charge and an existing liability be a condition precedent to the allowance of attorney's fees,

yet in the case at bar the services rendered were not gratuitous. Defendant was sued in his official capacity as Municipal Commissioner of Finance. Among the duties imposed upon the city attorney was that of defending the municipal officers when so sued and for this and other professional services he was paid a salary of $2,400 per annum. Moreover, as sufficiently appears from the opinion in *Ramón López Ramírez de Arellano et al.* v. *Benítez Castaño, Municipal Commissioner of Finance, supra,* the municipality was the real party in interest and, to all practical intents and purposes, the true defendant. Any attorney's fees accruing to the nominal defendant as costs presumably would not remain in his hands and the ultimate destination thereof is a matter in which appellants need have no concern.

[4] We are inclined to agree with appellant that the amount allowed by the court below is somewhat in excess of what might be regarded as fair and reasonable, all things considered, including and especially by reason of the circumstances indicated in the first and second assignments.

Nevertheless, it was admitted at the hearing below that the revenues involved would amount to some eight or ten thousand dollars and the argument in support of the first and second assignments points to the conclusion that the legal questions were no less novel, complicated and difficult from the standpoint of the municipality than from that of plaintiffs. No doubt the item of $1,000 claimed by defendant and reduced to $800 by the court below was a very reasonable estimate of the value of the services rendered by counsel for defendant.

In the circumstances we are persuaded that a further reduction of $300 and an award of the remainder would be more in harmony with the double standard and elastic method of measurement prescribed by law with a view to meeting the requirements of substantial justice according to the circumstances of each particular case.

The order appealed from will be modified accordingly and, as modified, affirmed.